### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRYAN SINGLETON, <br> PLAINTIFF, <br> <br> v. <br> <br> CREDIT ACCEPTANCE CORPORATION, <br> DEFENDANT | * CIVIL ACTION NO. 3:14-cv-2330 <br> * <br> * <br> * <br> * COMPLAINT <br> * <br> * |

Plaintiff, BRYAN SINGLETON ("Plaintiff"), through his attorneys, alleges the following against CREDIT ACCEPTANCE CORPORATION ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 28 U.S.C. § 227 *et seq.* (TCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331.

3. Defendant conducts business in the state of Louisiana; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

### PARTIES

5. Plaintiff is a natural person residing in West Monroe, Ouachita County, Louisiana.

6. Defendant is a business entity with a principal place of business located in Southfield, Michigan.

7. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. Defendant constantly and continuously places collection telephone calls to Plaintiff at telephone number 318-235-00XX.

10. Defendant places collection calls from telephone numbers, including, but not limited to, 734-742-1035, 517-338-1003 810-227-1002, 586-461-1004, 586-461-1005, 248-353-2700, 734-742-1037, 313-262-0663, 517-338-1001, 810-277-1001, 517-338-1002, 586-461-1003, 586-461-1002, 313-262-0661, 313-262-0662, 313-262-0660, 810-277-1003.

11. Per its prior business practices, each of these collection calls were placed using an automatic telephone dialing system.

12. Defendant places one (1) to three (3) calls to Plaintiff's cellular telephone on a daily basis.

13. On several occasions, including on February 13, 2014, Plaintiff requested that Defendant cease placing collection calls to Plaintiff's cellular phone

14. Plaintiff revoked any consent, express or implied, to receive automated phone calls from Defendant.

15. Despite Plaintiff's request to cease, Defendant placed automated calls to Plaintiff's cellular phone on the following approximate dates:

    - January 24, 2014: one (1) call at 7:26pm;
    - January 27, 2014: one (1) call at 8:59am;
    - January 29, 2014: three (3) calls at 9:09am, 10:46am, 1:31pm;
    - January 30, 2014: one (1) call at 3:22pm;
    - January 31, 2014: two (2) calls at 9:10am, 12:32pm;
    - February 3, 2014: two (2) calls at 10:52am, 1:40pm;
    - February 5, 2014: one (1) call at 9:18am;

- February 6, 2014: one (1) call at 9:00am;

- February 7, 2014: four (4) calls at 8:23am, 9:44am, 11:33am, 3:20pm;

- February 9, 2014: three (3) calls at 9:57am, 12:23pm, 3:21pm;

- February 10, 2014: one (1) call at 7:43am,

- February 11, 2014: four (4) calls at 10:05am, 2:12pm, 4:04pm, 7:40pm;

- February 12, 2014: one (1) call at 12:11pm;

- February 13, 2014: one (1) call at 8:52am;

- March 8, 2014: one (1) call;

- March 9, 2014: one (1) call;

- March 10, 2014: one (1) call at 2:51pm;

- March 14, 2014: four (4) calls at 9:52am, 12:01pm, 2:48pm, 5:00pm;

- March 17, 2014: one (1) call;

- March 18, 2014: two (2) calls at 11:00am, 4:19pm;

- March 19, 2014: one (1) call at 6:33pm

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTIONS ACT

16. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

17. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

Wherefore, Plaintiff, BRYAN SINGLETON, respectfully requests judgment be entered against Defendant, CREDIT ACCEPTANCE CORPORATION, for the following:

18. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

19. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

20. All court costs, witness fees and other fees incurred; and

21. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: July 17, 2014     By:     /s/ Denis Vega
                                 Denis Vega
                                 Vega & Associates, LLC
                                 4505 Gary Mikel Ave
                                 Metairie, LA 70002
                                 Tel: 504-534-8342
                                 Fax: 504-324-0868
                                 dvega@vegalaw.net
                                 Attorney for Plaintiff,
                                 BRYAN SINGLETON

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF LOUISIANA)

Plaintiff, BRYAN SINGLETON, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, BRYAN SINGLETON, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated:_____       _____
                                  BRYAN SINGLETON,
                                  Plaintiff